Wolf v. Pounsford.

JACOB WOLF v. WILLIAM POUNSFORD.

Judgment against principal and sureties upon a bond under the insolvent law;
    if a creditor of the insolvent would proceed upon such judgment by *sci. fa.*
    he must set forth and establish his debt.   It is error to award execution
    in his favor if this is not done.

ERROR to the court of common pleas of Hamilton county.

On October 13, 1820, one John J. Richey, being in custody, at
the suit of Pounsford, made his application for the benefit
of the insolvent law, and executed his bond to Pounsford,
with Wolf and one Gabriel Hubble as securities, conditioned to
make a schedule and deliver over his property.   Suit was brought
upon this bond, and at December *term, 1821, a judgment   [398
was rendered in favor of Pounsford against Wolf and Hubble,
process being returned, *not found*, as to Richey; judgment was
rendered for the sum of two thousand five hundred dollars, the
penalty of the bond, to be released on the payment of *nine hundred*
dollars and *five* cents, with *eleven* dollars and *twenty-nine* cents
costs.

On January 22, 1829, a writ of *scire facias* was sued out in the
name of William Pounsford, *for the use of one Hezekiah Sanders*,
suggesting the death of Hubble; and after reciting that the judg-
ment recovered by Pounsford against Wolf and Hubble, was for
the sum of *nine hundred and eighteen dollars and five cents*, with
*eleven dollars and twenty-nine cents* costs, called, upon Wolf to show
cause why *said judgment* should not be revived, and why Pouns-
ford should not have execution thereon, for the use of Hezekiah

Sanders. The *scire facias* contained no allegation that the judg-ment was unpaid or unreversed, or that Richey was indebted to Sanders when the bond was given, or at any other time, nor did it appear what interest Sanders had in the judgment, nor by what authority he sought to revive it.

At February term, 1829, a judgment by default was taken against Wolf, by which it was ordered that the judgment *as set forth in said scire facias* be revived, and that execution issue thereon. *Leave granted to take out execution for the claim of Heze-kiah Sanders, being two hundred and eighty dollars, with interest from October 14, 1820, amounting to four hundred and twenty-one dollars and forty cents, with costs of this suit.*

HAMMOND and GARRARD, for the plaintiff in error.

STORER and FOX, contra.

By the COURT:

1. A *scire facias*, to revive a judgment, is only a continuation of the former suit, and is not an original proceeding. 2 Tidd, 923; 1 Term, 257. When a *scire facias* is issued to revive a judgment, the whole record is before the court; and if the defendant makes **399]** default, and no payments appear *upon the record, it is the duty of the court to award .execution for the amount of the original judgment. 22 Stat. 68. In the present case, the original judgment was for the sum of *two thousand five hundred* dollars, and the judgment of revivor for the sum of *nine hundred* and *eighteen* dollars and *five* cents. The writ misrecites the original judgment, and the judgment of revivor follows the writ. This variance appears on the face of the record, and vitiates the judg-ment of revivor. The original judgment was not revived by the proceedings upon the *scire facias*, and the record shows no other judgment which could authorize the issuing of the writ of *scire facias*, or the judgment of revivor.

2. The original judgment was founded upon a bond, ex-ecuted by Hubble and the plaintiff in error, as securities for Richey, and conditioned that Richey should make an assignment of his property for the benefit of his creditors, under the act of 1805, for the relief of insolvent debtors. It seems, from the record, and particularly from the award of execution in favor of Sanders,

that Sanders was one of the creditors of Richey at the time the bond was executed; and that the *scire facias* was issued to enable Sanders to enforce the collection of his claims. It is unnecessary to determine in what manner Sanders might avail himself of the judgment in favor of Pounsford, to secure his debt against Richey. Admitting a *scire facias* to be the proper remedy, the nature and extent of his claims ought to be set forth in the writ with some degree of certainty. The writ contains no averment that Richey was at any time indebted to Sanders in any amount, nor does it set forth any facts from which even an inference of such indebtedness can be drawn. Writs of this description must contain everything that is required to constitute a good declaration; or, in other words, they must set out all the facts that are necessary to show a right in the plaintiff to the relief prayed for. 2 Ohio, 248. The award of execution in favor of Sanders is not warranted by any matters contained in the record, and is, consequently, erroneous.

Judgment reversed.